UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUTH FRESCOTT,

    Plaintiff,

vs.                               Case No.: 6:12-CV-1169-ORL-18GJK

OXFORD LAW, LLC,

    Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

3. This action arises out of Defendant's violations of the FDCPA by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

5. Plaintiff, Ruth Frescott, is a natural person who resides in the City of Deltona, County of Volusia, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant OXFORD LAW, LLC, (hereinafter "Defendant Oxford") is a collection agency operating from an address of 7900 Highway 7, Suite 350, Minneapolis, MN 55426, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant OXFORD LAW, LLC regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant OXFORD LAW, LLC regularly collects or attempts to collect debts for other parties.

9. Defendant OXFORD LAW, LLC is a "debt collector" as defined in the FDCPA.

10. Defendant OXFORD LAW, LLC was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). More specifically, Plaintiff used a credit card issued by Advanta to purchase items such as food, gas, clothing etc.

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. After the initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

15. Plaintiff applied for and received Chapter 7 Bankruptcy in or about September 2009.

16. Advanta was one of the listed Creditors of Plaintiff that was noticed of the bankruptcy. (See Exhibit A)

17. The debt owed by Plaintiff to Advanta was completely discharged in the September 2009 Bankruptcy.

18. After September 2009, Defendant attempted to collect from Plaintiff the discharged debt from Advanta. More specifically, on or about June 14, 2012, Defendant contacted Plaintiff by telephone and demanded payment of the Advanta debt.

19. Upon information and belief, Defendant added fees and charges not authorized by law or by any contract that Plaintiff was a party to.

20. Defendant knew or should have known that the amount it sought to collect from Plaintiff was incorrect because it had been discharged in bankruptcy.

## SUMMARY

21. All of the above-described collection communications made to Plaintiff by Defendant Oxford, and collection employees employed by Defendant Oxford, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2).

22. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2
### MISREPRESENTATION OF THE DEBT

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant Oxford similarly violated 1692e, by falsely representing the amount of debt allegedly due.

### COUNT 3
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

30. Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

31. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT 4
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

32. Upon information and belief, Defendant has attempted to collect a debt in which the amount sought was not expressly authorized by the agreement creating the debt or permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Actual Damages;

B) Statutory Damages; and

C) Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: July 17, 2012

Respectfully submitted,

J. Dennis Card Jr., Esq.
E-mail: DCard@consumerlaworg.com
Florida Bar No. 0487473
Consumer Law Organization, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorney for Plaintiff

5